CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHL

JUL 09 2013

JULIA C. DUDLEY, CLERK
BY: HMcDonagh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO DWAYNE BECKHAM, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROANOKE CITY POLICE ) <br> DEPARTMENT K9, et al., ) <br> Defendants. ) | Civil Action No. 7:13-cv-00133 <br><br> MEMORANDUM OPINION <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Antonio Dwayne Beckham, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Roanoke City Police Department K9; Sergeant R. A. Chandler, the K9's handler; and Officer Randall Cox. On May 31, 2013, defendants filed a motion to dismiss for failing to state a claim upon which relief may be granted. On June 3, 2013, the Clerk issued a Notice that advised plaintiff that a motion to dismiss was filed on May 31, 2013, and that plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's[1] [sic] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice (ECF no. 18) (original emphasis).

Plaintiff did not respond to the Notice or the motion to dismiss, and the Notice was not returned to the court as undeliverable. Pursuant to the court's June 3, 2013, Notice, I find that plaintiff has lost interest in prosecuting this case. Accordingly, this action is dismissed without prejudice for plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and defendants'

---

[1] I note that all three defendants filed the motion to dismiss.

motion to dismiss is dismissed as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER**: This 9th day of July, 2013.

Senior United States District Judge